## SUPREME COURT.

Enos C. Brooks and others agt. Richard B. Stone and others.

Where a plaintiff is an *attaching creditor* of real estate in an action for money due on a bond, he cannot sustain an action to set aside an alleged fraudulent judgment of confession previously made by the defendant, and have an *injunction* to restrain the sale of the attached property under and by virtue of such alleged fraudulent judgment.

The plaintiffs' complaint in such case does not show that he is entitled to the relief demanded, as it does not show that he is a *judgment creditor*, and his remedy at law exhausted—*non constat*, that he will ever get a judgment.

And for the same reason the defendant is not doing, or threatening to do, some act during the litigation in violation of the *plaintiffs' rights*, respecting the *subject of the action*; because it does not, nor cannot appear what the plaintiffs' rights are, until established by a *judgment*; and besides the property attached is not the *subject of the action*.

*Erie General Term, May,* 1860.
*Present,* Marvin, Davis *and* Grover, *Justices.*

APPEAL from an order vacating an injunction order. It is alleged in the complaint, in substance, that the defendant, Richard B. Stone, in January, 1858, for the purpose of defrauding his creditors, and particularly the plaintiffs, fraudulently and without consideration confessed a judgment to his brother, George B. Stone, for $1,354.19. That the plaintiffs, in March, commenced an action in this court against Richard B., for the recovery of money due on a bond, and caused an attachment to be issued in the action, and attached certain real estate of Richard B., and filed a *lis pendens*, and that after this, an execution was issued upon the fraudulent judgment, and the real estate so attached was advertised for sale upon such judgment and execution.

This action was then brought to set aside the judgment, and an injunction order was obtained restraining a sale by virtue of the judgment and execution. Affidavits were used with the complaint for the purpose of obtaining the injunction order.

A. G. RICE, *for the plaintiffs.*
CARY & WHITE, *for the defendants.*

By the court, MARVIN, Justice. The rule, prior to the Code, was well settled that a creditor could not restrain the debtor from disposing of his property until he had exhausted his remedy at law by judgment and execution. It was expressly held that an attaching creditor, under the absent debtor act, could not move to set aside a judgment alleged to have been fraudulently confessed, until trustees were appointed. (*Fort* agt. *Fort*, 9 *W.*, 442). In *Wintringham* agt. *Wintringham* (20 *J. R.*, 296) the court refused to set aside a judgment confessed, or to stay execution, on the ground of fraud, at the instance of a creditor at large, whose debt had not been legally ascertained by judgment. In *Reubens* agt. *Joel* (3 *Kern.*, 488) it is, however, supposed

that the Code has so modified this rule as to embrace this case (§ 219).

An injunction order may be made when it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce injury to the plaintiff.   Is the case embraced by this clause of the statute ?   In other words, has this provision of the statute changed the pre-existing rule touching the character of the evidence to be produced to entitle the plaintiff to call in question the acts of the debtor relating to his property ?   I think it has not.   The complaint does not show that the plaintiff is entitled to the relief demanded, as it does not show that he is a judgment creditor, and until he shows himself a judgment creditor, he has no right to call in question the judgment which George B. Stone has against Richard B. Stone.   It may be that he will not be able to recover a judgment, or if he does, perhaps Richard B. Stone will pay it.   In either case this action will be useless, unnecessary.   The law has clearly settled the question, under what circumstances a plaintiff is entitled to the relief demanded in this case, and it is when he comes as a judgment creditor, his remedy at law having been exhausted.   I think *Reubens* agt. *Joel* is, in principle, in point.   The circumstances are not precisely the same.   But in that case, the plaintiff was, as alleged, a creditor at large, and complained of an assignment by his debtors to defraud creditors, and sought to set it aside. The act complained of was past, though it is also alleged in the complaint, that a portion of the property assigned was about to be disposed of and sold, and an injunction was demanded as a part of the relief, to restrain the defendant from selling or disposing of the assigned property. Upon a demurrer to the complaint, judgment was for the defendant, and affirmed in the court of appeals.

By the next clause, in section 219, when during the litigation it shall appear that the defendant is doing, or threatens to do, or procure, or suffer some act to be done in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act. I think this provision not applicable to the case. It does not, as already remarked, appear that the defendants are doing, &c., any act in violation of the plaintiffs' rights. It cannot appear that his rights are in danger of being violated, until his rights are established by a judgment. Besides, this provision relates to some right respecting the *subject of the action.* The real estate attached, in this case, is not the *subject of the action.* This provision is applicable to cases when there is danger that the subject of the action may be injured or destroyed : as when a mortgagee is foreclosing his mortgage upon premises that are, or may be, an inadequate security, unless the mortgagor or occupant of the premises is restrained, during the pendency of the litigation, from committing waste. I think the order appealed from should be affirmed with ten dollars' cost.